UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEITH RUSSELL JUDD, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    No. 3:11cv879 (MRK) |
| | : |
| SECRETARY OF STATE OF CONNECTICUT, STATE OF CONNECTICUT, | : |
| | : |
| Defendants. | : |

## RULING AND ORDER

Plaintiff Keith Russell Judd, an inmate confined at the Federal Correctional Complex in Texarkana, TX, filed suit against the State of Connecticut and the Connecticut Secretary of State (collectively "Defendants") alleging violations of the National Voter Registration Act, 42 U.S.C. § 1733gg *et seq.*, the Help America Vote Act, 42, U.S.C. § 15482 *et seq.*, the Voting Rights Act, 42 U.S.C. § 1973 *et seq.*, and the Civil Rights Act, 42 U.S.C. § 1983.

On May 31, 2011, Mr. Judd filed a Motion for Leave to Proceed *in forma pauperis* [doc. # 2], which the Court granted in its Order of June 8, 2011 [doc. # 4]. Now pending before the Court is Defendants' Motion to Revoke IFP Status Order [doc. # 28]. Also pending are Mr. Judd's Motion for Preliminary Injunction [doc. # 24]; Mr. Judd's Motion for Class Action Certification [doc. # 27]; Mr. Judd's Motion for Preliminary Injunction for Access to Law Library Books and Resources [doc. # 31]; and Mr. Judd's Motion for Default Judgment [doc. # 40].

As Mr. Judd is an inmate at a federal correctional facility and is therefore required to comply with the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, and as Mr. Judd has filed numerous frivolous lawsuits, the Court GRANTS Defendants' Motion to Revoke IFP Status Order [doc. # 28] and issues additional corollary orders below.

The PLRA prohibits prisoners from repeatedly filing frivolous or malicious complaints:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if a prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Mr. Judd has had well over three prior suits or appeals dismissed as frivolous or for failure to state a claim—in fact, Mr. Judd has had well over three prior suits or appeals dismissed on the basis that he violated the PLRA's "three strikes" rule. *See, e.g.*, *Judd v. Sec'y of S.D.*, No. 11-4080-KES, 2011 U.S. Dist. LEXIS 77854 (D.S.D. July 18, 2011) (citing cases); *Judd v. Furgeson*, 239 F. Supp. 2d 442, 443 (D.N.J. 2002) ("In this instance, the 'three strikes' rule is applied against a plaintiff who has filed over 200 civil actions in the federal courts nationwide, many of which have been dismissed as frivolous . . . ."). As the allegations in Mr. Judd's complaint do not demonstrate that he is "under imminent danger of serious physical injury," the PLRA bars him from proceeding further with this lawsuit *in forma pauperis*.

This simple analysis is bolstered by the fact that courts across the nation, confronted with similar claims filed by Mr. Judd, have refused to allow him to proceed *in forma pauperis*—and have often rejected his claims *sua sponte*. Mr. Judd has been barred from submitting petitions of certiorari by the Supreme Court of the United States for abusing its certiorari and extraordinary writ processes, *see Judd v. U.S. Dist. Court for W.D. Tex.*, 528 U.S. 5 (1999), and he has been barred from filing complaints *in forma pauperis* for similar reasons in the Third, Fifth, and D.C.

Circuits and in the District of Massacusetts. *See, e.g.*, *Judd v. United States Attorney General*, No. 10 Civ. 382, 2010 WL 1374034 (D. Me. Apr. 12, 2011).

The Court GRANTS Defendants' Motion to Revoke IFP Status Order [doc. # 28]. The Court's Order of June 8, 2011 [doc. # 4] is therefore VACATED. Mr. Judd has until January 16, 2012 to submit the filing fee and a notice to this Court that he has paid the fee. If the filing fee is not paid and the notice not submitted by that date, the Court will dismiss the case without prejudice on January 17, 2012.

Defendants have 30 days after the submission of the filing fee and notice to file an answer to Mr. Judd's complaint and to file responses to Mr. Judd's Motion for Preliminary Injunction [doc. # 24], Mr. Judd's Motion for Class Action Certification [doc. # 27], and Mr. Judd's Motion for Preliminary Injunction for Access to Law Library Books and Resources [doc. # 31]. Mr. Judd's Motion for Default Judgment [doc. # 40]—which is based primarily on the fact that the Defendants have yet to file an answer—is DENIED without prejudice to renewal.

                                                        **IT IS SO ORDERED.**

/s/      Mark R. Kravitz
           United States District Judge

Dated at New Haven, Connecticut: **December 19, 2011.**